## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ADAM MANTZ, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) CIVIL COMPLAINT |
| v. | ) |
| | ) |
| RAPID RESOURCES, INC. and | ) Case No. |
| OCCUPATIONAL MANAGEMENT | ) |
| GROUP, LLC a/k/a "OMGBillpay," | ) |
| | ) |
|     Defendants. | ) **JURY DEMAND** |
| | ) |

## COMPLAINT

Now comes Adam Mantz ("Plaintiff"), complaining as to Rapid Resources, Inc. and Occupational Management Group, LLC ("OMG LLC") (collectively, "Defendants").

### NATURE OF THE ACTION

1.      Plaintiff brings this action under the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.* and the Kansas Consumer Protection Act, KSA 50-623 *et seq.*

2.      Defendants are involved in an ongoing scheme whereby they have conspired to use false representations and threats to coerce the payment of money from consumers across the country who allegedly have failed to repay payday loans.

3.      This conspiracy, like many similar schemes, is located in and around the Buffalo, New York area.

4.      Over the past two decades, Buffalo has become so well-known as the capital of such debt collection schemes that in February 2020, a movie about sketchy debt-collection was titled "Buffaloed."

[ 1 ]

5.      These schemes generally use a style of debt collection script that is known as "The Shakedown" or "The Shake."

6.      The principal characteristic of "The Shakedown" is its frequent, blatant, and illegal use of what are known in the debt collection industry as "legal talk-offs" — that is, misleading legal references and legal threats.

7.      For instance, a collector will pretend to be a local process server and will state to the consumer that "charges" have been filed against the consumer.  The caller will represent that he is attempting to locate and serve the consumer with a summons and complaint that has been filed with a court.  The caller suggests that the charges might not be pursued if the consumer calls a toll-free number in the next several hours and arranges to pay money (sometimes called "restitution") to the fake process server's "client" or to a supposed third-party "mediation" or "arbitration" company.

8.      Threatening messages are often purposefully left with the consumer's relatives, employer, or other third parties in order to increase the likelihood of a response.

9.      When the consumer responds to the call, the collector (often posing as an attorney or paralegal) accuses the consumer of misdeeds, makes false threats of pending litigation (and sometimes prosecution), and demands payment of the alleged debt.

10.     Of course, no lawsuit has been filed.  Often, the caller misrepresents and grossly overstates the amount owed.  Sometimes the debt is even time-barred.  Often, the consumer's personal, financial, and account information will have been stolen and will have been sold and resold to multiple parties, such that the caller no longer owns

or otherwise has any right to collect the account.  Consumers are often bullied and intimidated into paying the alleged debt to multiple entities.

11.     When sued for violating the FDCPA, most of the entities default, accumulate default judgments, and continue to operate under a progression of limited liability companies.

12.     Hilton Parker LLC is one of the few law firms willing to locate and sue these companies—a process which often involves obtaining a large default judgment and then spending months or years in post-judgment litigation to make the offenders pay.  The purpose of lawsuits like the present suit is to flip the tables, turning the former "debtor" into a judgment creditor with the power to—through entirely legal channels—do to the collector what that collector illegally threatened to do him.

## JURISDICTION AND VENUE

13.     Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

14.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) as Defendants reside within this District.

## PARTIES

15.     Plaintiff is a natural person residing in Council Grove, Kansas City.

16.     Rapid Resources, Inc. is a New York limited liability company with its principal place of business in or around Amherst, New York.

17.     Rapid Resources, Inc. is a third-party debt collector whose primary purpose is the collection of defaulted consumer debts.

[ 3 ]

18.     OMG LLC styles itself a "payment facilitator."

19.     OMG LLC is a Delaware limited liability company with its principal place of business in or around the Buffalo, New York area.

### DEFENDANTS' FDCPA CONSPIRACY

20.     The key player in Defendants' FDCPA conspiracy is Mr. John H. Chebat, who is the owner of a network of debt collection companies.

21.     Mr. Chebat has a long history of FDCPA violations.  For instance, in 2012, some of his companies settled with the New York Attorney General for $175,000 after an investigation concluded that Mr. Chebat's collectors routinely engaged in the worst kinds of FDCPA violations.  *See, e.g.*, A.G. SCHNEIDERMAN SHUTS DOWN DECEPTIVE PRACTICES OF TWO WESTERN NY DEBT COLLECTORS, Office of the Attorney General Press Release Archives, https://ag.ny.gov/press-release/2012/ag-schneiderman-shuts-down-deceptive-practices-two-western-ny-debt-collectors (accessed August 3, 2021).

22.     Mr. Chebat has long sought to find a way to insulate his companies from FDCPA attorneys and from regulatory scrutiny.  This case is designed to test the merits of Mr. Chebat's latest attempt.

23.     In 2019, Mr. Chebat registered Defendant "Occupational Management Group LLC" ("OMG LLC") as a limited liability company in Delaware.

24.     Mr. Chebat was and still is the 100% owner of OMG LLC.

[ 4 ]

25.    OMG LLC is, itself, a debt collector.  According to Defendant OMG LLC's website, "Occupational Management Group, LLC is an all-inclusive call center company, providing uniform & personalized ARM [Account Receivables Management] and customer care solutions to meet the detailed needs of each customer.  Providing outstanding customer service and advanced methods, we deliver recognized outcomes that help our clients realize their desired business objectives.  *We are an all-inclusive ARM company with comprehensive experience in first-party, third-party and specialty debt recovery.*  OMG provides large financial institutions with cutting edge performance and the essential compliance they need through conscientious recovery & compliance programs."  (Emphasis added).

26.    After Mr. Chebat formed the company, he then enlisted several small debt collection companies in the Buffalo-Amherst-Tonawanda area in New York to join a collection network.

27.    The companies Mr. Chebat enlisted include:  Oakmont Recovery at 976 Kenmore Avenue, Kenmore, NY; Royal Management Solutions, 43 Main St., Tonawanda, NY; Michael Maxwell Group, 89 Heath Terrace, Buffalo, NY; BlackRock Mitigation Group, 1675 Niagara St, Buffalo, NY; KHM Portfolio Recovery, PO Box 564; AC Asset Services, 435 Lawrence Bell Dr.; Green Leaf agency, PO Box 66, Bliss, NY 14024; Integrated Capital Recovery, 6348 Transit Rd., Depew, NY; Abbott & Rose, 9 s. Avenue, Ste. 104, Hilton, NY 14468; Jordan Wallare & Associates, 976 Kenmore Ave, Buffalo, NY; Rapid Resources, 22 Peuquet, Tonawanda, NY; Kevin Ross, 11 Second St., Hilton, NY; Recovery Services at Midlain, 407 Delaware Ave, Kenmore 14217; Wood

Forest Asset Solutions, PO Box 564, Tonawanda, NY 14151; Forthright Capital, 368

Hinds St., NY; WOL, Inc., 74 Easton Ave, Buffalo, NY; Enhanced Recovery Solutions,

1870 The Exchange, Ste. 200, Atlanta, GA 30339; and Pendleton Capital Management.

28.     The companies on this list are among the worst FDCPA offenders, and

they engage in the mafia-style "Buffalo" collection tactics described above.

29.     When it comes time to actually take a payment, however, the companies

on this list direct their victims to OMG LLC, which in turn handles acceptance of

payments.

30.     OMG LLC handles the collection efforts from there.  OMG LLC directly

emails consumers an invitation to sign a payment plan and debit authorization.  It also

directly informs consumers at that stage that it is a debt collector.

31.     OMG LLC further tells consumers on its website:  "Do you see

OMGBillPay.com on your Bank Statement? Here's why.  OMGBillPay.com is a third

party agency and payment facilitator on accounts that belong to any number of lenders,

banks, retail stores, and credit issuers. So if you see OMGBillPay.com on your bank

statement, its [*sic*] because you made payments regarding a bill that you owe."

32.     OMG LLC also handles further contact with the consumer after billing or

while a payment plan is being accepted.

33.     For instance, OMG LLC is tasked with handling disputes by consumers

after they have paid, or while a payment plan is active.

34.     As OMG LLC states on its website: "If you would like to dispute or discuss this charge please call 1-888-522-9535 or text us at 302-330-7658. You may also email us at Support@OMGBillPay.com."

35.     OMG LLC accepts the payments from consumers and then holds them in a bank account located in the Buffalo, New York area.

36.     At regular intervals, typically once a month, OMG LLC then remits a portion of the money collected from consumers to the companies listed above.

37.     In many cases, upon information and belief, OMG LLC also owns the rights to the debts that its associated third-party companies are collecting.

38.     While OMG LLC's attorney, Mr. David Peltan, denies this, there is no other logical explanation for the massive wires of tens of thousands of dollars that OMG LLC makes to Plaza Services, LLC in Atlanta, Georgia (which are sometimes made multiple times per month). Plaza Services, LLC is a debt buyer that purchases debts directly from payday lending companies. Upon belief, any time that OMG LLC wires Plaza Services, LLC more than $50,000, it is purchasing the titles to defaulted consumer debts.

### BACKGROUND

39.     Some time ago, Plaintiff incurred a payday loan debt to CASHNET, in the approximate amount of $1,600.

40.     Plaintiff used the account to pay for everyday living expenses, such as, on information and belief, groceries.

41.     After Plaintiff defaulted on this debt, on information and belief, OMG LLC purchased the debt and sent the account to Rapid Resources, Inc. for collection.

42.     In the alternative, Rapid Resources, Inc. purchased the account and entered into an agreement with OMG LLC to work together to collect upon the account.

43.     On information, reference, and belief, OMG LLC knew that Rapid Resources, Inc. regularly violates the FDCPA.

44.     OMG LLC knew or should have known of the numerous complaints that consumers have lodged with the Better Business Bureau ("BBB") for taking actions such as:

a.     Making repeated calls seeking the personal information of a debtor (Complaint dated 04/28/2020);

b.     Falsely threatening to close a consumer's bank account (Complaint dated 12/02/2019);

c.     Accusing a customer of "attempting to defraud a financial institution" and falsely threatening service of process on a non-existent lawsuit (Complaint dated 10/08/2019);

d.     Improperly contacting a third party and providing details about the debt owed and falsely threatening to file a suit (Complaint dated 09/27/2019); and

e.     Failing to verify a debt (Complaint dated 03/29/2019).

45.     By May 5, 2021 the BBB had received at least five consumer complaints regarding Rapid Resources, Inc., and many of them for the worst kinds of FDCPA violations.

46.     Any reasonable person would, upon doing the most basic due diligence, realize that Rapid Resources, Inc. is not FDCPA compliant and that any consumers whose accounts are referred to Rapid Resources, Inc., will, as a moral certainty, experience FDCPA violations.

47.     On about May 5, 2021, Rapid Resources, Inc. began to collect upon the account.

48.     At around 2:42 P.M. that day, Rapid Resources, Inc. called Plaintiff and stated that if he did not enter into a payment plan immediately, it would take further legal action.

49.     Rapid Resources, Inc.'s threat of litigation was false.

50.     On the same day, at 2:50 P.M., Defendant OMG LLC sent Plaintiff an email asking him to sign an agreement to make regular payments of $104.98.

51.     At that time, OMG LLC stated to Plaintiff that: "This communication is from a debt collector.  This is an attempt to collect a debt."

52.     OMG LLC also asked Plaintiff to sign a form permitting it to electronically debit $104.98 at regular intervals from Plaintiff's account.  OMG LLC's form stated: "THIS AUTHORIZATION IS TO REMAIN IN FULL FORCE AND EFFECT FOR THIS TRANSACTION ONLY, OR UNTIL SUCH TIME AS MY INDEBTEDNESS TO CashNetUSA FOR THE AMOUTN LISTED ABOVE IS FULLY SATISFIED. . . . I MAY

[ 9 ]

REVOKE THIS AUTHORIZATION BY CONTACTING **MGBILLPAY.COM** DIRECTLY AT THE ADDRESS AND PHONE NUMBER LISTED ABOVE. . . ."

53.     Despite having contacted Plaintiff regarding his debt, however, Defendants did not send Plaintiff the required notice of debt collection under 15 U.S.C. 1692g(a).

54.     Moreover, their actions in immediately pressuring Plaintiff for payment violated his rights and were inconsistent with his right to dispute the debt.

55.     The actions taken by Defendants above violated Plaintiff's rights under the FDCPA; caused him stress and anxiety; invaded his privacy; caused him to lose rights under the FDCPA by not asserting them; interfered with his use and enjoyment of his cellular telephone; caused him worry and confusion; and caused him to fear events that would not happen and that Defendants had no true intention or ability to bring about.

### COUNT I—VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

56.     Plaintiff realleges the paragraphs above as though fully set forth herein.

57.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

58.     Rapid Resources, Inc. is a "debt collector" as defined by § 1692a(6) of the FDCPA because the principal purposes of its business is the collection of debts, and because it uses the instrumentalities of interstate commerce to do so.

59.     In the alternative, Rapid Resources, Inc. is a "debt collector[s]" under § 1692(a)(6) because it regularly collects or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

60.     OMG LLC is a "debt collector" as defined by § 1692a(6) of the FDCPA because the principal purpose of its business is the collection of debts, and because it uses the instrumentalities of interstate commerce to do so.  Specifically, Plaintiff states that the sole purpose of OMG LLC is to collect upon consumer debt portfolios.

61.     Rapid Resources, Inc. violated 15 U.S.C. § 1692 in the following ways:

    **a.**     § 1692e(5) by falsely threatening litigation and "further legal action" without having the right, ability, or intention to follow through on its threats;

    **b.**     § 1692g(a) by failing to send Plaintiff the required notice of debtor rights within 5 days of initial contact;

    **c.**     § 1692g(b) by immediately pressuring him into payment, which was inconsistent with his right to dispute the debt.

62.     Rapid Resources, Inc. is directly and/or vicariously liable for the actions of its employees.

63.     OMG LLC is liable under the FDCPA because it is a debt collector, and is therefore responsible for Rapid Resources, Inc.'s actions taken on its behalf to collect debts.  *See Barbato v. Greystone All., LLC*, 916 F.3d 260, 261 (3d Cir. 2019) ("[A]n entity that otherwise meets the 'principal purpose' definition cannot avoid the dictates of the FDCPA merely by hiring a third party to do its collecting."); *see also Mullery v. JTM Capital Mgmt., Ltd. Liab. Co.*, No. 18-CV-549, 2019 U.S. Dist. LEXIS 83139, at *9 (W.D.N.Y. May 16, 2019).

64.     Further, OMG LLC is vicariously liable for Rapid Resources, Inc.'s actions under traditional agency principles, as OMG LLC is the principal and Rapid Resources, Inc. is the agent, and the latter's actions were taken within the scope of this relationship.

65.     Further, OMG LLC is liable because it entered into a conspiracy with Rapid Resources, Inc. to collect consumer debts, knowing that the latter would engage in repeated and atrocious violations of the FDCPA.

66.     Lastly, OMG LLC is directly liable because, by sending Plaintiff an email pressuring him into payment, it directly participated in the violations of § 1692(a) and § 1692(g).

### COUNT II—VIOLATIONS OF THE KANSAS CONSUMER PROTECTION ACT

67.     Plaintiff is a "consumer" pursuant to Kan. Stat. 50-624(b).

68.     Defendants are "suppliers" under Kansas law.

69.     Defendants committed deceptive acts by falsely representing facts, as stated above, when they falsely threatened Plaintiff with a lawsuit, in violation of Kan. Stat. 50-626(a).

70.     Defendants committed unconscionable acts by violating the FDCPA in collecting upon a consumer debt, in violation of Kan. Stat. 50-627(a).

71.     Plaintiff is therefore entitled to actual damages, statutory damages, declaratory, and injunctive relief pursuant to Kan. Stat. 50-634.

WHEREFORE, Plaintiff respectfully requests judgment as follows:

**a.**    Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

**b.**    Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

**c.**    Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3);

*d.*    Awarding Plaintiff statutory damages, actual damages, attorney fees, costs, and injunctive and declaratory relief under Kansas law; and

**e.**    Awarding Plaintiff costs and any other appropriate relief.

**A TRIAL BY JURY IS DEMANDED.**

Dated:  October 25, 2021

                        **By:____/s/ Andrew M. Esselman_____**
                                Andrew M. Esselman # 26113
                                Credit Law Center, LLC
                                4041 NE Lakewood Way, Suite 200
                                Lee's Summit, MO 64064
                                Tele: (816) 246-7800
                                Fax: (855) 523-6884
                                andrewe@creditlawcenter.com
                                Attorney for Plaintiff

By:  s/ Jonathan Hilton*

Jonathan Hilton (0095742)
HILTON PARKER LLC
7544 Slate Ridge Blvd.
Reynoldsburg, OH 43068
Tel: (614) 992-2277
Fax: (614) 927-5980
jhilton@hiltonparker.com
*Attorney for Plaintiff*
*Pro hac vice admission pending*